**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ALVARO JOSE JENKINS ALPIZAR,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-03485-RFB-NJK

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Alvaro Jose Jenkins Alpizar's Petition for Writ of Habeas Corpus (ECF No. 1-1) (the "Petition"). Through his Petition and subsequent pleadings, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the following reasons, the Court grants Mr. Alvarado Garcia's Petition, ordering his immediate release.

## I. FILING FEE

As an initial matter, the Court finds good cause to grant Petitioner, an immigration detainee, leave to proceed *in forma pauperis*. Thus, **IT IS HEREBY ORDERED** that Petitioner's Motions for Leave to Proceed *in forma pauperis* (ECF Nos. 11, 12, 14, 15) are **GRANTED**.

## II. DISCUSSION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. CONST., art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted).

Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . .").

On October 27, 2026, this Court ordered Federal Respondents to file a "response that **SHOWS CAUSE** for Petitioner's detention by 'certifying [its] true cause.'" Order Governing Procedures at 4, ECF No. 3 (October 27, 2026) (quoting 28 U.S.C. § 2243) (emphasis in original). The Court ordered that, in their response, Federal Respondents must "identify the statutory provision that authorizes Petitioner's detention [and] explain why that provision applies[.]" Id. The Court warned Respondents that, "if Federal Respondents fail to identify a specific statutory provision that authorizes Petitioner's detention, the Court 'shall forthwith award the writ' Petitioner seeks." Id. (quoting 28 U.S.C. § 2243).

In their October 30, 2026, filing, Federal Respondents exclusively invoked 8 U.S.C. § 1227(a)(1)(B) to justify Petitioner's detention. See Fed. Resp'ts' Resp. to Court at 1–3, ECF No. 6 (October 30, 2026) [hereinafter, "Return"]. Specifically, Federal Respondents' position, as set forth in their Return, is that "Petitioner Alvaro Jose Jenkins Alpizar . . . is detained under 8 U.S.C. § 1227(a)(1)(B) as non-immigrant visa overstay." Id. at 1. Federal Respondents also included the text of this provision, making it abundantly clear to this Court that this is indeed the statutory provision Federal Respondents contend authorizes Mr. Jenkins Alpizar's detention. See id. at 1–2.

By way of background, the INA provides a "complex statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Specifically, "[*f*]*our statutes*" authorize the government "to detain non-citizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a)." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnotes omitted) (citation modified). Notably, 8 U.S.C. § 1227(a)(1)(B)—the provision of the INA the government claims Petitioner is detained under—is not among these detention provisions, but rather, it is among the provisions that govern

removability.

The Court need not inquire as to whether Petitioner is actually deportable on this basis, as this is not a challenge to Petitioner's removability. This is a habeas petition, *i.e.*, a challenge to the Petitioner's *detention*—specifically, a challenge to the government's legal authority to detain Mr. Alvarado Garcia while his removal proceedings are ongoing. See generally Pet. Thus, the Court need only determine whether the government has asserted a statutory provision that properly authorizes Petitioner's current *detention*. 8 U.S.C. § 1227(a)(1)(B) clearly does not, as it is not a detention authority at all.

8 U.S.C. § 1227(a)(1)(B) states, in relevant part, "[a]ny [noncitizen] who is present in the United States in violation of this chapter or any other law of the United States, or whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant has been revoked under section 1201(i) of this title) is *deportable*." Id. (emphasis added). While a noncitizen may be charged with deportability on this basis in removal proceedings, see, e.g., Pondoc Hernaez v. I.N.S., 244 F.3d 752, 754 (9th Cir. 2001) ("The INS instituted deportation proceedings against Petitioner . . . . Petitioner was charged with deportability for violation of the Immigration and Nationality Act ('INA') § 241(a)(1)(B) (codified at 8 U.S.C. § 1227(a)(1)(B)) (overstay) . . . ."), this section of the INA is not, and cannot be construed as, a defensible detention authority in habeas proceedings. The government must identify a ground of deportability or removability to institute removal proceedings against a noncitizen, see id., but there are specific statutes that authorize the government to *detain* a noncitizen during the pendency of such proceedings. See Avilez v. Garland, 69 F.4th at 529. In the event a noncitizen is detained by the government during their removal proceedings, it is therefore incumbent upon the government to identify which of these statutes, if any, justify their detention. Detention cannot be authorized from the deportability charge alone, and the Court will not speculate as to which detention authority may or may not apply to a given noncitizen if offered this justification only. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles[.]")).

Under 28 U.S.C. § 2243, "A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause." Id. In this instance, because Federal Respondents have failed to name any detention authority, let alone one that properly governs Petitioner's detention, the Court forthwith issues the writ.

Petitioner requests relief in the form of immediate release to remedy his unlawful detention in Respondents' custody. Because of Respondents' failure to identify the provision that lawfully authorizes their actions in *detaining* Mr. Jenkins Alpizar, the Court finds immediate release from custody is the only appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus).

## III. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Petition (ECF No. 1-1) is **GRANTED**.

Respondents must **RELEASE** Petitioner from detention on **November 24, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property, including personal identification and employment authorization documents, upon his release.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **November 25, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of

Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** November 23, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**